# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**U.S. BANK NATIONAL ASSOCIATION,**

    **Plaintiff,**

    v.

**IBIS CELESTE CRUZ-HUERTAS,**

    **Defendant.**

**Civil No. 16-1432 (ADC)**

## OPINION & ORDER

On March 10, 2016, AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee ("AJX") filed a mortgage-foreclosure complaint against Ibis Celeste Cruz-Huertas ("Cruz"). **ECF No. 1**. On July 21, 2016, Cruz answered the complaint. **ECF No. 12**. On July 29, 2016, by plaintiff's motion, the Court authorized U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2016-A, Mortgage-Backed Notes, Series 2016-A ("plaintiff"), to substitute AJX as plaintiff in the case. **ECF No. 18**.

On November 10, 2016, plaintiff moved the Court for summary judgment, **ECF No. 22**, and submitted its statement of uncontested facts, **ECF No. 21**. Defendant has not opposed the motion. After considering plaintiff's statement of uncontested facts and the record before the Court, the Court **GRANTS** plaintiff's unopposed motion for summary judgment, **ECF No. 22**.

## I. Summary Judgment Standard.

A party is entitled to summary judgment "when there is no genuine issue of any material fact on the record and that party is entitled to judgment as a matter of law." *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 83 (1st Cir. 2016) (citations omitted); *see* Fed.R.Civ.P. 56(a). "An issue is genuine if it can be resolved in favor of either party, and a fact is material if it has the potential of affecting the outcome of the case." *Xiaoyan Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016) (internal quotation marks omitted). Although the Court states the facts in the light most favorable to the party against whom summary judgment is entered, *id.*, the Court is still required "to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." *Adria Int'l Grp., Inc. v. Ferre Dev., Inc.*, 241 F.3d 103, 107 (1st Cir. 2001) (citation omitted).

In order to defeat a properly supported motion for summary judgment, the non-moving party must set forth facts showing that there is a genuine dispute for trial. *Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011). "When a non-moving party fails to file a timely opposition to an adversary's motion for summary judgment, the court may consider the summary judgment motion unopposed, and take as uncontested all evidence presented with that motion." *Pérez-Cordero v. Wal-Mart Puerto Rico*, 440 F.3d 531, 533–34 (1st Cir. 2006) (citing *NEPSK, Inc. v. Houlton*, 283 F.3d 1, 7–8 (1st Cir. 2002)). The Court must still scrutinize the summary judgment motion under the terms of Federal Rule of Civil Procedure

but, "[i]n most cases, a party's failure to oppose summary judgment is fatal to its case." *Id.* at 534.

## II. Findings of fact.

Unless otherwise noted, the Court derives the following facts from plaintiff's statement of uncontested facts. *See* **ECF No. 21**.

On February 16, 2006, for value received, defendant executed a mortgage note payable to Doral Financial Corporation doing business as H.F. Mortgage Bankers or the note holder. The note was executed before Notary Public Lourdes Ivette Quintana Lloréns, affidavit number 920. The note is for the principal sum of $154,800.00 and accrues interests on the unpaid principal balance at the rate of 8.500% per annum until the debt is paid in full. The principal and interests due under the note are payable in monthly installments.

The note provides for the payment of late charges in the amount of 5.000% of each and any monthly installment not received by the note holder within 15 days after the installment is due. It also provides for the payment of 10% of the original principal amount ($15,480.00) to cover costs, expenses, and attorney's fees in the event the holder of the note is required to seek judicial collection.

By deed number 17, executed before the notary public Lourdes Ivette Quintana Lloréns on February 16, 2006, a voluntary mortgage deed was constituted to secure the holder of the note the repayment of: (a) the indebtedness evidenced by the note, (b) an amount of 10% of the original principal amount ($15,480.00) of the note to cover costs, expenses and attorney's fees in

the event of judicial collection, (c) an amount of 10% of the original principal amount ($15,480.00) of the note to cover any advances made under the mortgage deed and, (d) an amount of 10% of the original principal amount of the note ($15,480.00) to cover interests in addition to those secured by law.

The mortgage encumbers following property:

URBANA: Lote número Uno (1) del plano de inscripción aprobado por la Administración de Reglamentos y Permisos (ARPE) en el caso número Ochenta guion Diecinueve guion "B" Quinientos Doce "SPL", (80-19-B-512-SPL), radicado en el Barrio Dos Bocas de Trujillo Alto, Puerto Rico con una cabida superficial de DOS MIL CUATROCIENTOS CUARENTA Y CINCO PUNTO OCHO SEIS NUEVE DOS METROS CUADRADOS (2445.8692). En lindes por el Norte, con el lote número Cuatro (4), dedicado a uso público como Camino Municipal; por el Sur, con José Ferrer, hijo; por el Este, con Quebrada que la separa del lote número Dos (2) del mismo plano de inscripción; por el Oeste, con Nicolás Iturregui.

Finca número Veintiún Mil Doscientos Noventa y Seis (21,296), inscrita al folio ciento cuarenta y dos (142) del tomo trescientos ochenta (380) de Trujillo Alto, Registro de la Propiedad de San Juan, Sección Cuarta.

The property is identified with the number 21,296 and is recorded at page number 142 of volume number 380 of Trujillo Alto, in the Registry of Property of San Juan, Fourth Section. The mortgage is recorded at page number 45 of volume number 842 of Trujillo Alto, in the Registry of Property of San Juan, Fourth Section.

According to the Registry of Property, the defendant is the owner of the property. U.S. Bank is the current holder of the note. The last payment made by the defendant under the mortgage note was the payment due February 1, 2011.

The defendant is not presently on active military service of the United States armed forces, is not a minor, and has not been declared incompetent by a Court of law with authority to make such determination or finding.

### III. Conclusions of law

The defendant has failed to comply with the terms of the note and the mortgage deed, and has breached her duty to pay the monthly installments due from February 1, 2011 until the present day. After declaring all the indebtedness of the defendant due and payable, the defendant owes plaintiff the principal sum of $148,102.26 plus interest at a rate of 8.500% per annum since February 1, 2011. Such interests continue to accrue until the debt is paid in full. The defendant also owes U.S. Bank late charges in the amount of 5.000% of each and any monthly installment not received by the note holder within 15 days after the installment was due. Such late charges continue to accrue until the debt is paid in full. The defendant also owes plaintiff all advances made under the mortgage note including but not limited to insurance premiums, taxes and inspections as well as 10% of the original principal amount ($15,480.00) to cover costs, expenses, and attorney's fees guaranteed under the mortgage obligation.

### III. Conclusion.

In light of the statement of uncontested facts and the record before the Court—which includes the mortgage, **ECF No. 21-1** at 6-45, the mortgage note, **ECF No. 21-1** at 1-5, a title search, **ECF No. 21-2**, and a sworn statement of debt, **ECF No. 21-3**—the Court finds that there is no genuine dispute as to any material fact. Furthermore, the Court finds that plaintiff is

entitled to judgment as a matter of law, as it is the owner of the mortgage note, and defendant has breached the terms of the loan agreement.

In light of the above, the Court **GRANTS** plaintiff's motion for summary judgment, **ECF No. 22**. Furthermore, **ECF Nos. 23 and 24** are **MOOT.**

**SO ORDERED**.

At San Juan, Puerto Rico, on this 12th day of June, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**